UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| TRISTON HUDGINS,<br><br>    Plaintiff,<br><br>v.<br><br>COLLECTO, INC. d/b/a EOS CCA,<br><br>    Defendant. | Case No.: |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant COLLECTO, INC. d/b/s EOS CCA (referred to hereafter as "EOS CCA"), hereby files this Notice of Removal pursuant to 28 U.S.C. § 1441 and § 1446, removing the above-captioned case to the United States District Court for the Western District of Texas, Midland-Odessa Division, and in support thereof respectfully show the following:

1. On August 16, 2019, Plaintiff Triston Hudgins ("Plaintiff") filed a civil action in Midland County, Texas, entitled *Triston Hudgins v. Collecto, Inc. d/b/a EOS CCA*, Case No. CC21758. A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A".

2. Plaintiff's Complaint was served on EOS CCA on September 24, 2019.

3. This Notice of Removal is timely filed within the 30-day removal period pursuant to 28 U.S.C. § 1446(b).

4. There are no other defendants named in Plaintiff's Complaint.

5. This action involves a federal question in that it arises under the Fair Debt Collection Practice Act, 15 U.S.C. §§ 1692, *et seq*. ("FDCPA"). It is therefore an action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and it may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a). In this regard, Plaintiff's third claim is for alleged violation of the FDCPA. (*See* Complaint ¶¶ 22-26.) Plaintiff's first and second claims are for alleged violations of the Texas Debt Collection Act, Tex. Fin. Code § 392.001(1) ("TDCA") and the Texas Deceptive Trade Practices Act, Tex. Bus. & Comm. Code §17.505(b) ("DTPA"), respectively. This Court has supplemental jurisdiction over Plaintiff's state law claims under the TDCA and DTPA pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place where the removed action has been pending.

7. Plaintiff's Complaint does not include a demand for jury trial.

8. Defendants will promptly file a copy of this Notice of Removal with the clerk of the State Court where the action has been pending.

DATED: October 10, 2019

Respectfully Submitted:

By: /s/Kandy E. Messenger
Kandy E. Messenger
State Bar No. 24053360
Fed. ID: 638777
Sprott Newsom Quattlebaum &
Messenger PC
2211 Norfolk Suite 1150
Houston, Texas 77098
(713) 523-8338 Telephone
(713) 523-9422 Facsimile
(281) 830-0402 Cellular
messenger@sprottnewsom.com
Attorneys for Defendant
COLLECTO, INC. d/b/a EOS CCA

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of October, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and forwarded a true and accurate copy to all counsel of record via mail as follows:

Kyle S. Deese
P.O. Box 65525
Lubbock, Texas 79464
Kyle.deese@deeselawfirm.com
Telephone: (806) 475-0150
Facsimile: (469) 200-4800

Attorney for Plaintiff

/s/Kandy E. Messenger
Kandy E. Messenger

# Exhibit A

Filed 8/16/2019 6:37 PM
Alex Archuleta
District Clerk
Midland County, Texas

CASE NO. CC21758

| | | |
|---|---|---|
| TRISTON HUDGINS, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| v. | § § § | MIDLAND COUNTY, TEXAS |
| | § § | |
| COLLECTO, INC. d/b/a EOS CCA, | § § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Triston Hudgins, Plaintiff in the above-styled and numbered case, and files this his Original Petition and Request for Disclosure complaining of Defendant Collecto, Inc. d/b/a EOS CCA, and for cause of action would respectfully show this Court as follows:

**I. DISCOVERY CONTROL PLAN AND REQUEST FOR DISCLOSURE**

1. Plaintiff intends to conduct discovery under Level 2 pursuant to Rule 190.3 of the Texas Rules of Civil Procedure. Plaintiff affirmatively pleads that this suit is not governed by the expedited-actions process under Rule 169 of the Texas Rules of Civil Procedure because Plaintiff requests injunctive relief. Plaintiff seeks monetary relief of $100,000 or less and non-monetary relief.

2. Under Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

**II. PARTIES**

3. Plaintiff Triston Hudgins is an individual resident of the State of Texas.

4. Defendant Collecto, Inc. d/b/a EOS CCA is a foreign corporation that is registered to conduct business in the State of Texas with the Texas Secretary of State. Defendant regularly conducts business in Texas and may be served by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### III. VENUE AND JURISDICTION

5. The Court has subject matter jurisdiction over this lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

6. The Court has personal jurisdiction over Defendant as Defendant regularly conducts business in the State of Texas.

7. Venue is proper in Midland County under Texas Civil Practice and Remedies Code section 15.002 because all or a substantial part of the events or omissions giving rise to the claim occurred in Midland County.

### IV. CONDITIONS PRECEDENT

8. All conditions precedent have been performed or have occurred.

### V. VICARIOUS LIABILITY

9. At all times relevant to the events giving rise to this lawsuit, Defendant acted through its agents and is therefore liable for such actions pursuant to vicarious liability principles. Whenever it is stated herein that the Defendant engaged in any act or omission, the statement includes the acts or omissions by Defendant, its agents, its employees, its representatives and others with actual or apparent authority to act on behalf of and bind the Defendant.

### VI. FACTUAL BACKGROUND

10. Plaintiff provides in this "Factual Background" section the general substance of certain factual allegations. When Defendant's employees or representatives are quoted as stating

certain words, the quotations give the substance of the words used and may not reflect the exact words used. The Plaintiff does not intend that this section provide in detail, or necessarily in chronological order, any or all allegations. Rather, the Plaintiff intends that this section merely provide the Defendant with fair notice of the general nature and substance of the Plaintiff's allegations.

11. Plaintiff was contacted by telephone by Defendant in early March 2019 regarding an outstanding medical bill. Plaintiff obtained an account number from the Defendant for this alleged consumer debt and informed Defendant that he would call back the following week after discussing his household finances with his wife.

12. After this initial telephone call between the parties, Plaintiff contacted Defendant one or more times to attempt to negotiate a settlement as to this alleged debt.

13. On or about March 15, 2019, during a telephone conversation between the parties, Defendant's representative told Plaintiff that the settlement amount "could not go below $4,100.00 and that this amount was dictated by federal law." Plaintiff then requested the governing federal law, and Plaintiff was told by Defendant's representative to "Google it."

14. When Plaintiff made an additional attempt to obtain this "federal law" in hopes of reaching a settlement with Defendant on or about March 18, 2019, Defendant reluctantly admitted that there was no "federal law" requiring that Plaintiff pay at least $4,100.00.

15. On or about March 18, 2019, Defendant informed Plaintiff that "company policy" would not allow Defendant to accept less than $4,100.00. Plaintiff told Defendant's representative that Defendant had lied to him and that its actions were likely against the law.

16. On or about May 8, 2019, Defendant contacted Plaintiff by telephone to attempt to collect the same alleged debt. This conversation was very brief because Plaintiff was at work,

but Defendant's representative did state multiple times that "there was no settlement on this account."

19. The foregoing acts and omissions committed by Defendant were undertaken indiscriminately, as part of its regular and routine collection efforts, and without regard to or consideration of the rights of the Plaintiff.

## VII. TEXAS DEBT COLLECTION ACT

18. Plaintiff, who is a "consumer" as defined in Tex. Fin. Code § 392.001(1), would show that the alleged obligation that Defendant has attempted to collect is a "debt" as defined in Tex. Fin. Code § 392.001(2), and that Defendant is a "debt collector" as defined in Tex. Fin. Code § 392.001(6) and "third-party debt collector" as defined in Tex. Fin. Code § 392.001(7). Defendant's conduct has violated the Texas Debt Collection Act (the "TDCA") in the following respects:

    a. Using false representations or deceptive means to collect a debt or obtain information concerning a consumer in violation of Tex. Fin. Code § 392.304(a)(19);

19. The aforesaid unfair debt collection practices have been a producing and proximate cause of Plaintiff's damages. Pursuant to Tex. Fin. Code § 392.403, Plaintiff is entitled to recover actual damages caused by the aforesaid unfair and abusive practices, injunctive relief, declaratory relief, attorney's fees reasonably related to the amount of work expended in this case, and his costs.

## VIII. TEXAS DECEPTIVE TRADE PRACTICES ACT

20. Pursuant to Tex. Fin. Code § 392.404, Defendant's violations of the Texas Debt Collection Act are also actionable under the Texas Deceptive Trade Practices Act (the "DTPA"). Pre-suit notice of Plaintiff's DTPA claims is not required for an equitable claim under Tex. Bus. & Comm. Code § 17.50(b)(3), nor is notice required pursuant to Tex. Bus. & Comm. Code § 17.505(b).

21. Under Tex. Bus. & Com. Code § 17.50(b)(2), the Defendant's violations of the DTPA renders it liable to Plaintiff for injunctive relief and for reasonable attorney's fees. Specifically, Plaintiff seeks to enjoin Defendant from making any other false, deceptive, or misleading representations in violation of the TDCA and the DTPA in connection with Defendant's collection of this alleged debt.

### IX. FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff, who is a "consumer" as defined in 15 U.S.C. § 1692a(3), would show that the alleged obligation that Defendant has attempted to collect is a "debt" as defined in 15 U.S.C. § 1692a(5), and Defendant is a "debt collector" as defined in 15 U.S.C. § 1692a(6). Defendant has committed multiple violations of the Fair Debt Collection Practices Act (the "FDCPA").

23. Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of the alleged debt at issue in violation of 15 U.S.C. § 1692d.

24. Defendant has also engaged in false, deceptive, or misleading representations or means in connection with the collection of the alleged debt at issue violation of 15 U.S.C. 1692e, including, but not necessarily limited to:

    a. Mispresenting the character, amount, or legal status of any alleged debt, or misrepresenting any services rendered or compensation which may be lawfully received by any debt collector for the collection of a consumer debt in violation of 15 U.S.C. § 1692e(2);

    b. Using a false representation or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

25. Defendant has also used unfair or unconscionable means to collect or attempt to collect the alleged debt at issue in violation of 15 U.S.C. § 1692f.

26. The aforesaid unfair debt collection practices have been a producing and proximate

cause of Plaintiff's damages. Pursuant to 15 U.S.C. § 1692k(a), Plaintiff is entitled to recover actual damages, statutory damages up to $1,000.00, reasonable attorney's fees, and costs.

## X. ATTORNEY'S FEES

27. In the event that Plaintiff prevails on any of the above-stated legal theories, Plaintiff is entitled to recover reasonable and necessary attorney's fees through trial and any subsequent appeals.

## XI. REQUEST FOR PERMANENT INJUNCTION

28. Pursuant to the TDCA and the DTPA, the Court should permanently enjoin Defendant following the trial of this cause from making any false representations or using deceptive means to collect the alleged debt at issue and should also enjoin the Defendant from using any unfair or unconscionable means to collect or to attempt to collect any debt from Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Plaintiff asks that Defendant be cited to appear and answer, and that the Plaintiff have judgment for damages within the jurisdictional limits of this Court and against the Defendant, as legally applicable, for:

(a) actual damages;

(b) statutory damages under the FDCPA and the TDCA;

(c) pre-judgment and post-judgment interest at the highest legal rate;

(d) reasonable and necessary attorney's fees;

(e) costs;

(f) a permanent injunction against Defendant enjoining it from committing the unlawful conduct described herein; and

(g) all other relief, general and special, legal and equitable, to which the Plaintiff is entitled.

Respectfully submitted,

THE DEESE LAW FIRM PLLC


/s/ Kyle S. Deese
Kyle S. Deese
State Bar No. 24059668
P.O. Box 65525
Lubbock, Texas 79464
kyle.deese@deeselawfirm.com
806.475.0150 (Tel)
469.200.4800 (Fax)

ATTORNEY FOR PLAINTIFF